IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00459-PAB-KAS

HARRISON SPIERS, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

CLINIC SERVICE CORPORATION,

     Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Motion to Consolidate and Appoint Interim Co-Lead Counsel [Docket No. 7], filed by plaintiffs Harrison Spiers and plaintiff Yanna Merei, who is the plaintiff in the case *Merei v. Clinic Service Co.*, Case No. 26-cv-00460-PAB-TPO ("*Merei*").  Plaintiffs move to consolidate this case with *Merei* and move for the appointment of Co-Lead Counsel.  *See* Docket No. 7 at 17.  Defendant Clinic Services Corporation ("Clinic Services") does not oppose consolidation and takes no position on the appointment of interim lead class counsel.  *See* Docket No. 13 at 1. Children's Eye Physicians, P.C. ("Children's"), which is a defendant in *Merei*, has not indicated its position on the motion to consolidate and to appoint interim co-lead counsel.[1]

---

[1] Children's filed a motion for extension of time to respond to the *Merei* complaint, where Children's moved to stay its response to pending the Court's ruling on the motion to consolidate and stated that the "parties expect that the Motion to Consolidate will be granted."  *Merei*, Docket No. 12 at 2, ¶ 10.

### A. <u>Motion to Consolidate</u>

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiff and Ms. Merei's claims arise out of a data breach that occurred on Clinic Service's network between August 10, 2025 and August 17, 2025. *See* Docket No. 1 at 2, ¶ 6; *Merei*, Docket No. 1 at 9, ¶ 44. Clinic Services provides third-party medical billing and healthcare consulting services to various clients. *See* Docket No. 1 at 6, ¶ 25; *Merei*, Docket No. 1 at 2, ¶ 2. Children's is a provider of pediatric ophthalmology and adult strabismus medical services that hired Clinic Services to provide medical billing services and gave Clinic Services access to its patients' personal information. *See Merei*, Docket No. 1 at 2, ¶¶ 3-4. The data breach exposed Mr. Spiers, Ms. Merei, and the class's personal information, which included their addresses, phone numbers,

2

email addresses, payment information, dates of birth, and medical and health insurance information.  *See* Docket No. 1 at 2-3, ¶ 7; *Merei*, Docket No. 1 at 9, ¶ 46.

Plaintiffs assert that this case and *Merei* "are virtually identical in that they address the same alleged conduct by Defendants, and the same data security incident." Docket No. 7 at 5.  In *Spiers*, plaintiff, on behalf of himself and all others similarly situated, brings claims for negligence, negligence per se, breach of a third-party beneficiary contract, and unjust enrichment against Clinic Services.  Docket No. 1 at 17-27.  In *Merei*, Ms. Merei, as next of friend for minor S.M. and on behalf of all others similarly situated, brings claims for negligence and negligence per se against Clinic Services and Children's.  *Merei*, Docket No. 1 at 38-46.  Ms. Merei brings, on behalf of the class, brings claims for breach of implied contract, unjust enrichment, and negligent training, hiring, and supervision against Children's.  *Id.* at 46-54.

The Court finds that, despite there being differences in the claims and *Merei*'s inclusion of Children's as an additional defendant, both lawsuits involve overlapping legal and factual questions, which warrants consolidation.  *See Doe v. Conceptions Reprod. Assocs., Inc.,* No. 25-cv-00009-NYW-CYC, 2025 WL 1617189, *1 (D. Colo. May 6, 2025) (granting motion to consolidate where "[b]oth actions stem from the same underlying facts – an April 2024 data breach . . .caused by Defendant's failure to properly secure its patients' private data"); *O'Leary v. Yes Communities, LLC*, No. 25-cv-00692-PAB, 2025 WL 1167985, at *1 (D. Colo. Apr. 22, 2025) (granting motion to consolidate where plaintiffs brought claims arising out of the same data breach and plaintiffs alleged the exposure of their personal information).  The motion indicates that plaintiffs intend to file a consolidated complaint, which will potentially reconcile the

differences between plaintiffs' claims.  *See* Docket No. 7 at 2.  Accordingly, the Court

will grant the motion to consolidate.

### B.  Appointment of Co-Lead Counsel

Plaintiffs move to appoint Gary M. Klinger of Milberg, PLLC and William B.

Federman of Federman & Sherwood as Interim Co-Lead Counsel of the consolidated

action.  *See* Docket No. 7 at 17.  Pursuant to Federal Rule of Civil Procedure 23(g)(3),

the court "may designate interim counsel to act on behalf of a putative class before

determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).

"When appointing interim class counsel, courts generally look to the same factors used

in determining the adequacy of class counsel under Rule 23(g)(1)(A)."  *Doe*, 2025 WL

1617189, at *2 (citation omitted).  The Rule 23(g)(1)(A) factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A).

The Court finds that appointing Mr. Klinger and Mr. Federman will serve the

interests of the plaintiffs at this stage of the case.  Mr. Klinger and Mr. Federman have

each conducted a prefiling investigation, interviewed potential clients, researched

potential claims, and drafted the complaints on behalf of their respective clients.  *See*

Docket No. 7 at 8.  They have reviewed defendants' public statements, media reporting,

and individual accounts regarding the data breach.  *See id.*  Mr. Klinger and Mr.

Federman each have extensive experience in consumer protection, data breach, and

class action litigation, which has made them knowledgeable about the applicable law.

4

*See id.* at 9-16.  Moreover, both Mr. Klinger and Mr. Federman state that they will commit the necessary resources to advance the claims in a consolidated case, based upon their efforts to date in this case and their prior histories of litigating data breach and class action cases.  *See id.* at 16.  The Court will appoint Mr. Klinger and Mr. Federman as Interim Co-Lead Counsel.

Therefore, it is

**ORDERED** that Plaintiffs' Motion to Consolidate and Appoint Interim Co-Lead Counsel [Docket No. 7] is **GRANTED**.  It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Case Nos. 26-cv-00459-PAB-KAS and 26-cv-00460-PAB-TPO will be consolidated.  It is further

**ORDERED** that Gary M. Klinger of Milberg, PLLC and William B. Federman of Federman & Sherwood are designated as Interim Co-Lead Counsel.  It is further

**ORDERED** that Magistrate Judge Kathryn A. Starnella shall serve as the magistrate judge in Case No. 26-cv-00460-PAB.  It is further

**ORDERED** that, as of the date of this order, all future pleadings and other filings shall be filed in this case only and shall be captioned as follows:

_____

Civil Case No. 26-cv-00459-PAB-KAS

(Consolidated with Civil Case No. 26-cv-00460-PAB-KAS)
_____
Civil Case No. 26-cv-00459-PAB-KAS

HARRISON SPIERS, individually and on behalf of all others similarly situated,

Plaintiff,

5

v.

CLINIC SERVICE CORPORATION,

     Defendant.

_____

Civil Case No. 26-cv-00460-PAB-KAS

YANNA MEREI, as next of friend for S.M., a minor, on behalf of herself and on behalf of all other similarly situated individuals,

     Plaintiff,

v.

CLINIC SERVICE CO., and
CHILDREN'S EYE PHYSICIANS, P.C.,

     Defendants.

_____

     DATED May 7, 2026.

                      BY THE COURT:

                      PHILIP A. BRIMMER
                      United States District Judge